UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff(s), <br><br> v. <br><br> MONTE BELLO HOMEOWNER'S ASSOCIATION, INC., et al., <br><br> Defendant(s). | Case No. 2:16-CV-456 JCM (VCF) <br><br> ORDER |

Presently before the court is defendant ATC Assessment Collection Group, LLC's ("ATC") motion to dismiss. (ECF No. 6). Plaintiff Bank of America, N.A. ("BANA") filed a response. (ECF No. 8).

**I.     Facts**

This case involves a dispute over real property located at 5124 Bellaria Place, Las Vegas, Nevada (the "property").

On November 24, 2008, Deana Vanderlinden obtained a loan from Stearns Lending, Inc. in the amount of $122,735.00, which was secured by a deed of trust recorded on December 4, 2008. (ECF No. 1). The Federal Housing Administration ("FHA") insured the deed of trust. (ECF No. 1).

The deed of trust was assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loan Servicing LP ("BAC"). (ECF No. 1). Effective July 1, 2011, BAC merged into BANA. (ECF No. 1).

On April 21, 2010, ATC, acting on behalf of the Monte Bello homeowners' association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $1,393.64.

**James C. Mahan**
**U.S. District Judge**

(ECF No. 1).  On May 25, 2010, ATC recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,267.52.  (ECF No. 1).

On October 4, 2010, BANA allegedly requested a ledger from the HOA, through ATC, identifying the superpriority amount owed to the HOA.  (ECF No. 1).  ATC allegedly refused to identify the superpriority amount, and instead provided a ledger, dated October 11, 2010, identifying the total amount allegedly owed.  (ECF No. 1).  BANA calculated the superpriority amount as $657.00, the sum of nine-months of common assessments as identified in the HOA's ledger, and allegedly tendered that amount to ATC on November 5, 2010.  (ECF No. 1).

On September 1, 2011, ATC recorded another notice of delinquent assessment lien, stating an amount due of $4,160.00.  (ECF No. 1).  On December 30, 2011, ATC recorded a notice of trustee's sale, scheduling the foreclosure sale for January 19, 2012, and stating an amount due of $5,309.26.  (ECF No. 1).

The HOA purchased the property at the foreclosure sale on January 19, 2012 for the amount of $2,099.75.  (ECF No. 1).  A trustee's deed upon sale in favor of the HOA was recorded January 25, 2012.  (ECF No. 1).

On March 30, 2012, a quitclaim deed purporting to transfer title from the HOA to Bellaria was recorded.  (ECF No. 1).

In the instant complaint, BANA alleges four claims of relief: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against ATC and the HOA; (3) wrongful foreclosure against ATC and the HOA; and (4) injunctive relief against Bellaria PI PBB Trust.[1]  (ECF No. 1).

In the instant motion, defendant ATC moves to dismiss, arguing that BANA failed to first submit its claims to mediation as required by NRS 38.310 and that BANA failed to state a claim against ATC.  (ECF No. 6).  The court will address each in turn.

. . .

. . .

---

[1] PBB & BPB Business Trust was substituted in place and stead of Bellaria PI PBB Trust. (ECF No. 14).

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

**James C. Mahan**
**U.S. District Judge**

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

#### A.  NRS 38.310

In its motion, defendant ATC argues that the complaint must be dismissed for BANA's failure to comply with NRS 38.310 by failing to first submit its claims to mediation before the Real Estate Division of the Nevada Department of Business and Industry ("NRED"). (ECF No. 6 at 4). Section 38.310 provides in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

BANA argues that NRS 38.310 cannot affect the court's subject matter jurisdiction. (ECF No. 8). This argument fails because NRS 38.310 is an exhaustion statute that creates prerequisites for filing certain state-law claims, not a jurisdictional statute. *See, e.g.*, *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15–cv–01862–JAD–PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016).

Next, BANA argues that it submitted a demand for mediation to NRED on September 24, 2015, but NRED failed to schedule a mediation in the time period required under NRS 38.330(1). (ECF No. 1 at 3). BANA thus maintains that NRS 38.330 is inapplicable because it exhausted its administrative remedies. (ECF No. 8 at 10).

Defendant ATC contends that nothing in NRS 38.330(1) states that no mediation is required if mediation is not held within 60 days. (ECF No. 6 at 5). The court agrees.

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev.

James C. Mahan
U.S. District Judge

- 4 -

Rev. Stat. § 38.330(1). While NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear in providing that no civil action may be commenced "unless the action has been submitted to mediation." Here, while BANA has requested mediation, the action has not been submitted to mediation. Therefore, BANA has not exhausted its administrative remedies.

### 1. *Quiet Title/Declaratory Relief*

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id*. at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Here, BANA seeks both quiet title and declaratory relief regarding its rights to the property. Accordingly, this claim is exempt from the mediation requirement of NRS 38.310, and ATC's motion to dismiss will be denied as it relates to this issue.

### 2. *Bad Faith & Wrongful Foreclosure*

BANA alleges that the HOA and ATC breached their duty of good faith by failing to comply with their obligations under the CC&Rs. (ECF No. 1 at 12). BANA further alleges that the foreclosure conducted by the HOA and ATC was wrongful. (ECF No. 1 at 13).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim

**James C. Mahan**
**U.S. District Judge**

- 5 -

is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Consequently, BANA must first submit these claims to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Therefore, BANA's claims for breach of good faith and wrongful foreclosure will be dismissed without prejudice.

### B. Failure to State a Claim

Defendant ATC argues that plaintiff's quiet title claim should be dismissed because ATC has no interest in the property. (ECF No. 6 at 9). The court disagrees.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

BANA challenges the validity of the foreclosure sale, wherein ATC executed the trustee's deed in favor of the HOA. (ECF No. 8 at 11). Further, ATC acted on behalf of the HOA in

recording the notices relevant to the foreclosure sale, as well as conducting the foreclosure sale itself. BANA seeks declaratory relief regarding the validity of the foreclosure sale, rendering ATC's conduct at issue.

Accordingly, defendant ATC's motion to dismiss will be denied as it relates to this claim.

### IV. Conclusion

Based on the foregoing, defendant ATC's motion to dismiss is granted in part and denied in part. Specifically, BANA's claims for breach of good faith and wrongful foreclosure are dismissed without prejudice for failure to comply with the mediation requirement set forth in NRS 38.310.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant ATC's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff BANA's claims for breach of good faith and wrongful foreclosure be, and the same hereby are, DISMISSED WITHOUT PREJUDICE.

DATED September 30, 2016.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**