ALVERSON, TAYLOR,
MORTENSEN & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendant*
*Monte Bello HOA, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP;<br><br>Plaintiffs,<br><br>vs.<br><br>MONTE BELLO HOMEOWNERS ASSOCIATION, INC.; BELLARIA PI PBB TRUST; ATC ASSESSMENT COLLECTION GROUP, LLC A/K/A ANGIUS & TERRY COLLECTIONS, LLC,<br><br>Defendants. | Case No.: 2:16-cv-456<br><br>MONTE BELLO HOMEOWNERS ASSOCIATION, INC.'S EMERGENCY MOTION TO EXTEND DISCOVERY DEADLINES<br><br>[FIRST REQUEST] |

COMES NOW, Defendant MONTE BELLO HOMEOWNERS ASSOCIATION, INC., by and through its attorneys, the law firm of Alverson, Taylor, Mortensen & Sanders, and hereby submits its First Request for Motion to Extend Discovery Deadlines.

### I. RELEVANT FACTS

1. This is the first motion to extend time to conduct discovery.

2. This case was filed on March 2, 2016 by Bank of America, N.A. ("BANA") against ATC Assessment Collection Group, LLC a/k/a Angius & Terry Collections, LLC

1

KB/23648

("ATC"), Bellaria PI PBB Trust ("Bellaria"), Monte Bello Homeowners Association, Inc. ("Monte Bello").[1]  Generally, the claims against ATC, Bellaria, and Monte Bello centered around the foreclosure of 5124 Bellaria Place, Las Vegas, Nevada 89156 (the "Property") on or about January 19, 2012.

3. BANA alleges four causes of action.

    a. Quiet Title/Declaratory Judgment against All Defendants.  BANA's claims alleges violations of its procedure due process rights, implication of the Supremacy clause and other legal issues relating to tender of payment and commercial reasonableness of the foreclosure sale;

    b. Breach of NRS 116.1113 against Monte Bello and ATC;

    c. Wrongful Foreclosure against Monte Bello and ATC;

    d. Injunctive Relief against Bellaria.

4. Monte Bello filed its answer to the complaint on April 10, 2016. (Doc. 10). Bellaria filed its answer to the complaint on July 18, 2016. (Doc. 18).  ATC filed a motion to dismiss the complaint on March 24, 2016. (Doc. 6).  Subsequently, BANA's claims for breach of good faith under NRS 116 and wrongful foreclosure were dismissed without prejudice on September 30, 2016. (Doc. 28).  Presently, ATC has not answered BANA's complaint.

5. Notwithstanding all parties have not answered in this case, a Discovery Plan and Scheduling Order was entered on August 15, 2016 (Doc. 23), wherein Monday, January 16, 2017 was established as the lost day to complete discovery.

6. BANA served its initial disclosures on or about August 8, 2016.  Monte Bello served its initial disclosures on January 11, 2017.

7. The remaining parties are in need of additional time to exchange initial disclosures required under Fed. R. Civ. P. 26(a)(1)(A).

---

[1] Unless otherwise indicated, all facts are addressed in the attached Declaration of Adam R. Knecht, Esq.

2

KB/23648

8. BANA served written discovery upon Monte Bello on or about November 22, 2016. Monte Bello has partially responded to such discovery.

9. BANA served written discovery upon Bellaria on or about November 22, 2016. Bellaria has not responded to such discovery.

10. BANA served written discovery upon ATC on or about November 22, 2016. A&T has not responded to such discovery.

11. BANA noticed the deposition of Bellaria, the Association, and ATC for January 11, 2017.

12. Discovery in this matter have been difficult to obtain with respect to Monte Bello. A change in the management company for Monte Bello has made it difficult to communicate with Monte Bello regarding necessary documents and Monte Bello's FRCP 30(b)(6) witness for deposition.

13. After multiple attempts, I was able to contact Monte Bello's community manager. It was discovered that due to the transition between community managers, Monte Bello's collection files regarding the Property were sent to be stored at Iron Mountain, an offsite storage facility.

14. After discussing the matter and discovery concerns with the community manager, I have determined that it will take nearly two weeks to locate Monte Bello's collection file, review it, and produce if for purposes of this litigation.

15. It is also my understanding that Bellaria and ATC have had similar discovery issues. For instance, ATC recently merged with Nevada Association Services, Inc. which has complicated procurement of documents necessary to this matter.

16. On January 11, 2016, I spoke to counsel for BANA regarding my discovery concerns and my inability to contact Monte Bello's 30(b)(6) witness regarding the deposition noticed by BANA. Due to the circumstances, it was agreed between counsel for BANA and me that I would prepare a stipulation to extend discovery from January 16, 2017 for a period of sixty (60) days up to and including March 17, 2017.

17. It was also agreed that all documents required under Fed. R. Civ. P. 26(a)(1)(A) and all discovery previously propounded by BANA would be produced and/or responded to by January 25, 2017.

18. Accordingly, I prepared the stipulation to extend discovery and sent it to all counsel. Currently, despite various emails and voice messages, I have not heard from Bellaria or ATC regarding the stipulation, thus necessitating the instant motion.

## II. ARGUMENT

The Local Rules of Practice for the United States District Court for the District of Nevada address requests for continuance and extension of time as follows:

> A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted.

LR IA 6-1(a). *Basaldu v. Goodrich Corp.*, 2009 WL 1160915, *2 (E.D. Tenn. 2009) ("The purpose of the modern civil discovery rules is to get all of the proverbial cards on the table in advance of trial."); *Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*, 2007 WL 4051179, *2 (S.D.N.Y. 2007) ("By requiring disclosure of all relevant information, the discovery rules allow ultimate resolution of disputed facts to be based on full and accurate understanding of true facts."). The discovery rules are also available to the parties and their advocates to increase the potential for settlement in advance of trial.

For the reasons stated above, discovery and initial disclosures have been difficult to procure from Monte Bello and the other defendant parties. The remaining discovery needed in this litigation includes various parties' initial disclosures and/or supplements thereto. Additionally, upon full disclosure of initial disclosures, the parties should be allowed to fully respond to written discovery propounded by BANA. It is anticipated that BANA will conduct the continued depositions of Bellaria, Monte Bello, and ATC, which have not been completed. After discussions with BANA, Monte Bello proposes the following schedule for completing all remaining discovery.

4

KB/23648

### 1. Discovery Cut-Off

The discovery cut-off shall be extended from January 16, 2017 for a period of sixty (60) days up to and including March 17, 2017.

### 2. Amending the Pleadings and Adding Parties

The deadline to amend the pleadings and parties has closed. No such request to amend the pleadings or add parties is requested

### 3. Expert Disclosure

The deadline to name initial experts disclosures has closed. No such request to name experts is requested.

### 4. Dispositive Motions

In accordance with Local Rule 26-1(e)(4), the last day for filing dispositive motions including, but not limited to motions for summary judgement, shall be extended from February 15, 2017 to April 17, 2017 (April 16, 2017 falls on a Sunday).

### 5. Pre-Trial Order

In accordance with Local Rule 26-1(e)(5), the last day to file a Joint Pre-Trial Order, including any disclosures pursuant to FRCP 26(a)(3), shall be extended from March 17, 2017 to May 17, 2017. In the event dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or upon further order by the Court extending the time period in which to file the Joint Pre-Trial Order.

### 6. Trial and Calendar Call

No trial has been set in this matter.

///
///
///
///
///

KB/23648

### III. CONCLUSION

For the foregoing reasons, Monte Bello respectfully requests that the Court grant its requested relief, extending the current discovery deadlines.

DATED this 16th day of January, 2017.

        ALVERSON TAYLOR
        MORTENSEN & SANDERS

        By: /s/ Adam R. Knecht, Esq.
        Kurt R. Bonds, Esq.
        Nevada Bar No. 6228
        Adam R. Knecht, Esq.
        Nevada Bar No. 13166
        7401 W. Charleston Blvd.
        Las Vegas, NV 89117
        *Attorneys for Defendant*
        *Monte Bello HOA, Inc.*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**DATED:** 1-25-2017

6

KB/23648

**DECLARATION OF ADAM KNECHT, ESQ. IN SUPPORT OF MONTE BELLO HOMEOWNERS ASSOCIATION, INC.'S EMERGENCY MOTION TO EXTEND DISCOVERY DEADLINES**

State of NEVADA   )
                  ) ss:
County of CLARK   )

ADAM KNECHT, ESQ. being first duly sworn, deposes and says:

1. I am an attorney at the law firm of Alverson Taylor Mortensen & Sanders and represent Monte Bello Homeowners Association, Inc. in this matter, Case No. 2:16-cv-456.

2. This case was filed on March 2, 2016 by Bank of America, N.A. ("BANA") against ATC Assessment Collection Group, LLC a/k/a Angius & Terry Collections, LLC ("ATC"), Bellaria PI PBB Trust ("Bellaria"), Monte Bello Homeowners Association, Inc. ("Monte Bello"). Generally, the claims against ATC, Bellaria, and Monte Bello centered around the foreclosure of 5124 Bellaria Place, Las Vegas, Nevada 89156 (the "Property") on or about January 19, 2012.

3. BANA alleges four causes of action.

   a. Quiet Title/Declaratory Judgment against All Defendants. BANA's claims alleges violations of its procedure due process rights, implication of the Supremacy clause and other legal issues relating to tender of payment and commercial reasonableness of the foreclosure sale;

   b. Breach of NRS 116.1113 against Monte Bello and ATC;

   c. Wrongful Foreclosure against Monte Bello and ATC;

   d. Injunctive Relief against Bellaria.

4. Monte Bello filed its answer to the complaint on April 10, 2016. (Doc. 10). Bellaria filed its answer to the complaint on July 18, 2016. (Doc. 18). ATC filed a motion to dismiss the complaint on March 24, 2016. (Doc. 6). Subsequently, BANA's claims for breach of good faith under NRS 116 and wrongful foreclosure were dismissed without prejudice on September 30, 2016. (Doc. 28). Presently, ATC has not answered BANA's complaint.

1

5.    Notwithstanding all parties have not answered in this case, a Discovery Plan and Scheduling Order was entered on August 15, 2016 (Doc. 23), wherein Monday, January 16, 2017 was established as the lost day to complete discovery.

6.    BANA served its initial disclosures on or about August 8, 2016. Monte Bello served its initial disclosures on January 11, 2017.

7.    The remaining parties are in need of additional time to exchange initial disclosures required under Fed. R. Civ. P. 26(a)(1)(A).

8.    BANA served written discovery upon Monte Bello on or about November 22, 2016. Monte Bello has partially responded to such discovery.

9.    BANA served written discovery upon Bellaria on or about November 22, 2016. Bellaria has not responded to such discovery.

10.    BANA served written discovery upon ATC on or about November 22, 2016. A&T has not responded to such discovery.

11.    BANA noticed the deposition of Bellaria, the Association, and ATC for January 11, 2017.

12.    Discovery in this matter have been difficult to obtain with respect to Monte Bello. A change in the management company for Monte Bello has made it difficult to communicate with Monte Bello regarding necessary documents and Monte Bello's FRCP 30(b)(6) witness for deposition.

13.    After multiple attempts, I was able to contact Monte Bello's community manager. It was discovered that due to the transition between community managers, Monte Bello's collection files regarding the Property were sent to be stored at Iron Mountain, an offsite storage facility.

14.    After discussing the matter and discovery concerns with the community manager, I have determined that it will take nearly two weeks to locate Monte Bello's collection file, review it, and produce if for purposes of this litigation.

15. It is also my understanding that Bellaria and ATC have had similar discovery issues. For instance, ATC recently merged with Nevada Association Services, Inc. which has complicated procurement of documents necessary to this matter.

16. On January 11, 2016, I spoke to counsel for BANA regarding my discovery concerns and my inability to contact Monte Bello's 30(b)(6) witness regarding the deposition noticed by BANA. Due to the circumstances, it was agreed between counsel for BANA and me that I would prepare a stipulation to extend discovery from January 16, 2017 for a period of sixty (60) days up to and including March 17, 2017.

17. It was also agreed that all documents required under Fed. R. Civ. P. 26(a)(1)(A) and all discovery previously propounded by BANA would be produced and/or responded to by January 25, 2017.

18. Accordingly, I prepared the stipulation to extend discovery and sent it to all counsel. Currently, despite various emails and voice messages, I have not heard from Bellaria or ATC regarding the stipulation, thus necessitating the instant motion.

19. The remaining discovery needed in this litigation includes various parties' initial disclosures and/or supplements thereto. Additionally, upon full disclosure of initial disclosures, the parties should be allowed to fully respond to written discovery propounded by BANA. It is anticipated that BANA will conduct the continued depositions of Bellaria, Monte Bello, and ATC, which have not been completed.

20. The office addresses and telephone numbers of the movant and other affected parties is as follows:

> ALVERSON, TAYLOR,
> MORTENSEN & SANDERS
> Adam R. Knecht, Esq.
> 7401 W. Charleston Boulevard
> Las Vegas, Nevada 89117
> (702) 384-7000
> *Attorney for Plaintiffs*
>
> AKERMAN, LLP
> MELANIE D. MORGAN, ESQ.
> Nevada Bar No. 8215

3

TENESA SCATURRO, ESQ.
Nevada Bar No. 12488
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
702.634.5000
*Attorneys for Plaintiff Bank of America, N.A.*

DAVID J. WINTERTON & ASSOCIATES, LTD.
David J. Winterton, Esq.
Nevada Bar No. 4142
1120 Town Center Dr., Suite 120
Las Vegas, NV 89144
(702) 363-0317
*Attorneys for PBB & BPB Business Trust*

NEVADA ASSOCIATION SERVICES, INC.
Christopher V. Yergensen, Esq.
Nevada Bar No. 6183
6224 West Desert Inn Road
Las Vegas, NV 89146
702-982-6798
*Attorneys for ATC Assessment Collection Group, LLC*

21. I certify that the facts stated above are true and correct to the best of my knowledge and belief.

ADAM KNECHT, ESQ.

SUBSCRIBED and SWORN to before me this 16 day of January 2017.

NOTARY PUBLIC



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
THERESE A. JENKS
App't N. 08-5901-1

4